# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

VAN HOECKE CONTRACTING, INC.

      **Plaintiff,**

      **v.**                        **Case No.  05-02343 JWL**

**LENNOX INDUSTRIES, INC.,**

**and**

**UNIFIED SCHOOL DISTRICT # 233**

      **Defendants.**

_____

## MEMORANDUM AND ORDER

Plaintiff Van Hoecke Contracting, Inc. (VHC) filed a petition[1] in the District Court of Johnson County, Kansas, on October 5, 2005, alleging violations under the Kansas Restraint of Trade Act (KRTA) against defendants Lennox Industries, Inc. (Lennox) and Unified School District # 233 (USD # 233).[2] Its claim against Lennox is for money damages, injunctive relief, and attorney's fees and costs. Its claim against USD # 233 is for injunctive relief and attorney's fees and costs.

_____

[1] Because VHC's suit originally was filed in Kansas state court, VHC filed a petition, stating its claims, which is the equivalent of a complaint in federal court.

[2] Defendant USD # 233 has filed a motion to dismiss (doc #  7). The court expresses no opinion on this motion, which remains pending upon remand to the District Court of Johnson County, Kansas.

Lennox filed a notice of removal (Doc. # 1) in this court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, as there was complete diversity between the parties and the amount in controversy exceeded $75,000. This matter comes before the court on VHC's motion to remand (Doc. # 6), in which VHC argues that the inclusion of defendant USD # 233 has destroyed the complete diversity of citizenship between the parties and so the court lacks jurisdiction because both USD # 233 and VHC are citizens of Kansas. Lennox has argued that USD # 233 was fraudulently joined as a party, making remand inappropriate. Because Lennox has not met its burden of showing that there is no possibility that VHC might establish a cause of action against USD # 233 in state court, however, the court finds that USD # 233 was not fraudulently joined. Therefore, the court will grant VHC's motion to remand but deny its request for attorney's fees and costs.

**2.      Standard for Removal**

A civil action is removable only if a plaintiff originally could have brought the action in federal court. 28 U.S.C. § 1441(a). The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974). The party invoking the court's removal jurisdiction has the burden to establish the court's jurisdiction. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.

2

1995).  The court must resolve any doubts in favor of remand.  *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982).

### 3.     Analysis

A federal court has original jurisdiction over a diversity action when the matter in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a).  Lennox contends that this court has diversity jurisdiction because VHC is a Kansas corporation with its principal place of business in Kansas and Lennox is an Iowa corporation with its principal place of business in Iowa.  Although it concedes that defendant USD # 233 is located in Kansas, Lennox alleges that VHC fraudulently joined USD # 233 to destroy the court's diversity jurisdiction.

### A.     Fraudulent Joinder Standard

It has long been held that the right of removal cannot be defeated by "a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).   Fraudulent joinder is a term of art.  It does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant.  *Chilton Private Bank v. Norsec-Cook, Inc.,* 99 B.R. 402, 403 (N. D. Ill.1989). Defendants bear the burden of proving fraudulent joinder. *Getty Oil Div. of Texaco v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir. 1988); *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983).  This burden is enormous:

3

> To prove their allegation of fraudulent joinder [the removing party] must demonstrate that there is *no* possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court.   In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party.   We are then to determine whether that party has *any* possibility of recovery against the party whose joinder is questioned.

*Montano v. Allstate Indem.,* No. 99-2225, 211 F.3d 1278, 2000 WL 525592, at *1-2 (10th Cir. 2000).[3]

This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6).  *Id.*  In *Montano*, the Tenth Circuit reversed the district court and ordered it to remand the case to state court.  In explaining the standard for fraudulent joinder, it held:  "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."  *Id*. (citation omitted).  Unless state law is sufficiently developed to the degree where Lennox can prove that there is no possibility that VHC can assert a claim against defendant USD # 233, then this court must grant the motion to remand.  Because VHC is the non-moving party, this court must view any disputed questions of fact and all ambiguities in the controlling law in its

---

[3]   The court recognizes that pursuant to 10th Cir. R. 36.3(B) citation to unpublished decisions is disfavored.  The Tenth Circuit, however, has not clearly set forth the evidentiary standard applicable to fraudulent joinder claims in previous published opinions.  Moreover, the court's analysis in *Montano* has persuasive value with respect to this issue and it assists this court in the disposition of the pending motion. *See* 10th Cir. R. 36.3(B)(1)-(2) (explaining that unpublished decisions may be cited if they have persuasive value with respect to a material issue not addressed in a published opinion and it would assist the court in its disposition).

4

favor.  To resolve the issue, the court will examine the claim plaintiff VHC has asserted against

defendant USD # 233.

**B.      VHC's Claim Against USD # 233**

VHC has asserted a claim for injunctive relief and attorney's fees and costs against

defendant USD # 233 based on the following allegations in the numbered paragraphs of its

state court petition:

> 6.      From time to time, USD # 233 has authorized construction projects for the construction or improvement of elementary, middle or high schools located within its district.
>
> 7.      VHC is a contractor specializing in the installation of heating,ventilation and cooling systems for buildings such as those for which USD #233 has authorized construction or improvement in recent years.
>
> 8.      In several construction projects in recent years, USD #233 has specified only the installation of HVAC systems manufactured by Lennox.
>
> 9.      In an attempt to submit bids for these projects, VHC has requested pricing for the specified HVAC systems to include with VHC's anticipated bids.
>
> 10.     Lennox has unlawfully and unjustifiably refused, on multiple occasions, to provide VHC with pricing with the express purpose of denying VHC the right to submit a proper bid to USD #233.
>
> 11.     Despite knowledge of Lennox' unlawful conduct, and despite requests from VHC to create or revise specifications  to allow the use of comparable HVAC systems to the Lennox systems, USD #233 continues to authorize specifications for its construction projects that require the installation of Lennox manufactured HVAC systems.
>
> 14.     VHC is entitled to an injunction against USD #233 to prevent the arrangement, contract, agreement and/or trust between it and Lennox that has prevented, and will continue to prevent, full and free competition with respect to articles imported into this state, and that has tended, and will continue to tend, to increase the price of the construction or improvement of buildings designed for and used by the general public.

5

### C.      VHC's Allegations as Examined under the KRTA

The KRTA, *see* K.S.A. 50-101, etc., denies any person the right to form a trust or to be "in any manner interested" in a trust, "either directly or directly," as defined in the KRTA. K.S.A. 50-102.   In addition, all arrangements, contracts, agreements or trusts "which tend to prevent full and free competition in the importation, transportation or sale of articles imported into this state" are "against public policy, unlawful and void."  K.S.A. 50-112.

In its motion for remand,[4] VHC alleges:

> Lennox and USD #233 have acted together to prevent VHC from bidding on
> construction projects for the construction or improvement of elementary,
> middle or high schools located within USD #233. This has been done through
> the combination of (i) USD #233 allowing only Lennox HVAC products to be
> installed as part of these construction projects or improvements, (ii) Lennox
> expressly refusing to provide VHC with pricing for the Lennox products to use
> in a potential bid, and (iii) USD #233 refusing to require Lennox to provide
> VHC with pricing of the Lennox products for bidding purposes despite USD
> #233's knowledge of Lennox' refusal to do so. Among other things, such
> actions violate the KRTA by restricting commerce (i.e., preventing VHC from
> purchasing these products) and by restricting VHC's "full and free pursuit" of
> its HVAC business. K.S.A. 50-101.

In response, Lennox contends that these allegations are insufficient to state a claim under the KRTA.   Lennox primarily relies upon what it alleges as the failure by VHC to articulate the specific statutory claim asserted against USD # 233.   However, and as the very

---

[4] The removing defendant's burden of proving fraudulent joinder is not unlike the burden of proving any claim of fraud.  *McLeod v. Cities Service Gas Company,* 233 F.2d 242, 246 (10th Cir. 1956).   Accordingly, "upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted).

case cited by Lennox concludes, "Under the Kansas Code of Civil Procedure, there is no requirement that pleadings state facts sufficient to constitute a cause of action." *Boydston v. Board of Regents*, 242 Kan. 94, 98-99, 744 P.2d 806, 810-11 (Kan. 1987). Instead, "[a]s long as the opponent is apprised of the facts that entitle the plaintiff to relief, it is not necessary to spell out a legal theory of relief in the pleadings." *Id*. Phrased differently, "Nor are we any longer greatly concerned with whether every allegation, considered necessary at common law, is pleaded or not, so long as the statement of the claim fairly apprises us of its substance. Discovery will easily fill the gaps, and more effectively." *Fowler v. Criticare Home Health Services, Inc.*, 27 Kan. App. 2d 869, 873-75, 10 P.3d 8, 13-14 (2000). Ultimately, VHC's "petition could have been more explicit, but its wording was not fatal to" its claim against USD # 233. *Id.*

Lennox also argues that "mere knowledge" by USD # 233 is insufficient to trigger liability under the KRTA. However, VHC responds that it has alleged far more than "mere knowledge" on the part of USD # 233. Rather, VHC alleges that "the defendants have acted in concert to harm VHC." In support, VHC argues that ". . . the KRTA prohibits any 'arrangement' which tends 'to prevent full and free competition in the importation, transportation or sale of articles imported into this state.' K.S.A. 50-112. Lennox refused to sell its product to VHC, and USD #233 knew Lennox was doing so to prevent VHC from bidding on USD #233's public improvement projects. Such action by Lennox <u>and</u> USD #233 violates K.S.A. 50-112."

At bottom, the court cannot conclude that it is beyond the realm of possibility that VHC can allege a state court action against USD # 233 under the KRTA.  The undersigned previously observed in *Folkers v. American Massage Therapy Ass'n, Inc.*, 2004 WL 306913 (D. Kan. 2004),  that "the Kansas antitrust statutes are broad and undeveloped by case law.  In *Bergstrom,* the Kansas Supreme Court summarized the state of the law, noting that 'the statutes have been virtually ignored by the bar, with only a few cases coming to this court since their enactment.'"  *Id*. at *8 (internal citation and quotation omitted).  Although undeveloped by case law, the Court in *Bergstrom v. Noah* described the antitrust statutes as "very sweeping," and noted that they cover "almost every conceivable device by which freedom of commerce might be hampered, competition restricted, or the price of commodities controlled."  266 Kan. 829, 844, 974 P.2d 520, 529-31 (1999).

Based largely on this language in *Bergstrom*, Judge Murguia in *Four B Corp. v. Daicel Chemical Industries, Ltd.* 253 F.Supp.2d 1147 (D. Kan. 2003), concluded that an uncertain antitrust case potentially was viable under the KRTA.  *See id.* at 1152 (allowing a case to proceed under the KRTA "in light of the Kansas Supreme Court's reference that the Kansas Act provides for 'broad remedies'").  Thus, the fact that case law is undeveloped precludes this court from definitely concluding that VHC's claim against USD # 233 is unfeasible.  Instead, the court must remand this case to the state district court in Kansas to determine the bounds of this uncertain area of Kansas law.

8

The undersigned faced a similar fraudulent joinder allegation in *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154 (D. Kan. 2004). In that case, the undersigned explained: "[T]he court emphasizes that it is not intending to advocate one party's interpretation . . . over the others. In fact, the defendants could ultimately prevail on their statutory interpretation. What the defendants have not demonstrated, however, is that there is no possibility that plaintiffs could state a claim against [defendant] in state court." *Id*. at 1162. This analysis is equally relevant to the facts of this case as well.

When faced with an ambiguous or undeveloped issue of law, other courts in the District of Kansas have taken the same approach when deciding a motion for remand involving an allegation of fraudulent joinder. For instance, in *Schnepf v. Kansas Gas Service Co.*, 2005 WL 628023 (D. Kan. 2005), Judge Robinson held "that defendants have not carried their heavy burden of showing that there is no possibility of plaintiffs recovering against [the other defendant] in state court. . . . The Court is required to resolve any disputed issues of fact and uncertain legal issues about the propriety of removal in favor of remand. Consequently, the Court finds that joinder is proper and remand is required." *Id*. at * 4.

Ultimately, it is unclear whether plaintiff VHC can assert a valid claim against defendant USD # 233 under the KRTA in state court. It is this uncertainty that compels the court to remand the case to state court. The court therefore grants plaintiff VHC's motion to remand because defendant Lennox has not established that defendant USD # 233 was fraudulently joined, as the claim against USD # 233 might possibly succeed in state court.

9

### D.      *Attorney's Fees and Costs*

Plaintiff VHC requests attorney's fees and costs in pursuing the remand of this action: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   28 U.S.C. § 1447(c).   The decision to award of fees and costs "rests squarely within the discretion of the district court when a remand is ordered."   *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004).   Although the court does not have to find that removal was in bad faith as a prerequisite to awarding attorney's fees and costs, they may be denied where the defendant "had a fair basis for removing the case."   *Id.*   In other words, "the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."   *Id.*   (quotation omitted).   The undersigned finds that given the extremely uncertain contours of the KRTA, defendant Lennox's motion for removal was objectively reasonable.   Consequently, the Court does not find that fees and costs are proper in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff VHC's motion to remand (Doc. # 6) is granted, but its request for attorney's fees and costs is denied.  This case is remanded to the District Court of Johnson County, Kansas.  A certified copy of this order of remand shall be mailed by the clerk to the clerk of the state court.

**IT IS SO ORDERED** this 12th  of October, 2005.

10

s/ John W. Lungstrum

John W. Lungstrum

United States District Judge

11